UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81155-Cannon/McCabe

SUSAN VICKNAIR and
LINDA UNGERLEIDER,

    Plaintiffs,

v.

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Amended Motion to Dismiss and/or for More Definite Statement, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 11, DE 15). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

This is an insurance case. The Court accepts the following facts as true, taken from Plaintiffs' Complaint. (DE 1-1). Plaintiffs own property located at 6869 Sun River Rd., Boynton Beach, FL 33437 (the "Property"). (DE 1-1 ¶ 4). At some point in the past, Defendant issued an insurance policy on the Property (the "Policy"). (DE 1-1 ¶ 2). The Policy identified the named insured as "Shirley Kushner." (DE 1-4 at 6).[1]

---

[1] Defendant attached a copy of the Policy to the Notice of Removal. (DE 1-4). During the hearing on this motion, Plaintiffs' counsel stipulated to the authenticity of the Policy. As such, the Court will consider it in connection with this motion. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th

On or about October 9, 2024, Hurricane Milton damaged the Property, causing a loss (the "Loss"). (DE 1-1 ¶ 5). As a result, Plaintiffs made a claim on the Policy. (DE 1-1 ¶¶ 6-7). Defendant thereafter "failed to adjust the Loss pursuant to the unambiguous terms of the Policy." (DE 1-1 ¶ 8). Although Defendant paid a portion of the claim, Defendant failed to pay the "actual cash value and replacement cost value of the claim." (DE 1-1 ¶ 9).

Based on these allegations, Plaintiffs bring a single count for breach of the Policy. (DE 1-1 ¶¶ 13-16). Plaintiffs seek damages, interest, court costs, and reasonable attorneys' fees. (DE 1-1 at 8).

## II. DISCUSSION

Defendant makes several arguments in support of dismissal and/or a more definite statement. (DE 11). The Court will address each argument in turn.

### A. Article III Standing

Defendant first urges dismissal pursuant to Fed. R. Civ. P. 12(b)(1) based on lack of standing under Article III, section 2 of the U.S. Constitution, which extends the jurisdiction of federal courts only to actual "Cases" or "Controversies." (DE 11 at 3). To have standing under Article III, a plaintiff must demonstrate (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). The term "standing," as used in its jurisdictional sense, refers to a court's power to hear a case. *Wiand v. ATC Brokers, Ltd.*, 96 F.4th 1303, 1311 (11th Cir. 2024).

---

Cir.2005) (noting that district courts may consider an extrinsic document on a motion to dismiss when (1) the document is central to the plaintiff's claim, and (2) its authenticity is not challenged).

Defendant argues that Plaintiffs lack Article III standing here because the Policy names Shirley Kushner as the named insured, not the Plaintiffs. In the Court's view, Defendant's argument confuses Article III standing with contractual standing. The Second Circuit explained the difference between the two concepts as follows:

> Contractual standing is distinct from Article III standing and does not implicate subject-matter jurisdiction. Article III standing speaks to the power of a court to adjudicate a controversy; contractual standing speaks to a party's right to relief for breach of contract.

*SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020); *see also Dinicola-Ortiz v. GEICO Indem. Co.*, No. CV-22-6228, 2023 WL 5623237, at *4 (D.N.J. Aug. 31, 2023) (noting that "GEICO conflates a challenge to standing's injury in fact requirement with a challenge to the merits of a breach of contract claim's damages element"); *SFR Services, LLC v. Indian Harbor Ins. Co.*, 529 F. Supp. 3d 1285, 1298 (M.D. Fla. 2021) (noting the difference between contractual standing and Article III standing).

Applying this standard here, the Court finds that Defendant's argument goes to contractual standing, not Article III standing. Defendant argues that Plaintiffs—as non-parties to the contract—have no right to receive payments under the Policy. This argument goes to the *merits* of the dispute, not this Court's *power to hear the dispute*. As such, the Court rejects any arguments concerning Article III standing. Instead, the Court will construe Defendant's argument as a merits-based attack on contractual standing pursuant to Fed. R. Civ. P. 12(b)(6).

### B.   Failure to State a Claim

Defendant raises two merits-based arguments for dismissal, each of which the Court will address in turn.

        **1.**     **Named Insured**

First, as set forth above, Defendant argues that Plaintiffs cannot state a plausible claim for relief because the Policy does not identify Plaintiffs as the named insureds; instead, the Policy identifies Shirley Kushner as the sole named insured. (DE 11 at 4). As a general rule, "[a] person not a party to nor in privity with a contract has no right to enforce it." *Gallagher v. Dupont*, 918 So. 2d 342, 347 (Fla. 5th DCA 2005). Florida law recognizes several exceptions to this general rule, including circumstances where a party holds an assignment from the original party in privity, or where a party can be deemed a third-party beneficiary to the contract. *See Fawkes v. Balboa Ins. Co.*, No. 8:10-CV-2844-T-30TGW, 2011 WL 557322, at *2 (M.D. Fla. Feb. 11, 2011) (noting that "Plaintiff is correct that she can proceed against Defendant for breach of contract as a third-party beneficiary of the insurance policy").

At oral argument on this motion, Plaintiffs' counsel conceded that the Policy does not identify Plaintiffs as named insureds. Counsel nevertheless argues that Plaintiffs have contractual standing because the named insured, Shirley Kushner, passed away, leaving the Property and her interest in the Policy to Plaintiffs. As a result, Plaintiffs argue they "stand in the shoes" of the named insured for purposes of this lawsuit.

Plaintiffs' counsel may well be correct, but the current Complaint does not contain any of the facts proffered by counsel during the hearing on this matter. The Complaint contains no facts concerning Mrs. Kushner's death, her estate, her beneficiaries, or Plaintiffs' relationship to the estate. Accordingly, the undersigned recommends that the current Complaint be dismissed without

prejudice so that Plaintiffs can allege facts, by way of an Amended Complaint, to show contractual standing via the testamentary process or by other means.[2]

### 2. Ownership at Time of Loss

Defendant next argues that Plaintiffs cannot state a plausible claim for relief because they did not own the Property on the date that Hurricane Milton caused the Loss. (DE 11 at 4). Defendant asks the Court to take judicial notice of the fact that Shirley Kushner owned the Property on the key date, i.e., October 9, 2024. (DE 14 at 4, DE 14-1). Defendant cites Fla. Stat. § 627.405 for the proposition that a party cannot recover under an insurance policy without an "insurable interest" in the property. Moreover, the insurable interest must be determined at the time of loss. *Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co.*, 281 So.2d 373, 375 (Fla. 3d DCA 1973).

In response, Plaintiffs again concede that Shirley Kushner owned the Property on the date of the loss. Plaintiffs contend they stand in Mrs. Kushner's shoes as the beneficiaries of her estate. Again, Plaintiffs may well be correct on this legal position, but the current Complaint contains no facts that would allow the Court to reach that conclusion. Accordingly, the undersigned recommends that the Complaint be dismissed without prejudice so that Plaintiffs can attempt to allege facts, by way of an Amended Complaint, to overcome Fla. Stat. § 627.405 and *Schlehuber*, 281 So.2d at 375.

### C. More Definite Statement

Finally, Defendant seeks a more definite statement pursuant to Fed. R. Civ. P. 12(e), which allows parties to request a more definite statement when a pleading "is so vague or ambiguous that

---

[2] During oral argument, counsel for Defendant also conceded that Defendant already paid a portion of the disputed Policy proceeds *to Plaintiffs*. The Court questions how an insurance company can pay a portion of the policy proceeds to a party yet simultaneously argue to a court of law that the same party lacks contractual standing.

the party cannot reasonably prepare a response." Here, Defendant seeks a more definite statement concerning the parties' "citizenship" and "ownership of the Property on the date of loss." (DE 11 at 5).

The Court denies the request for two reasons. First, as to the parties' citizenship, Defendant removed this case to federal court based on diversity of citizenship. (DE 1). Defendant conducted jurisdictional discovery in state court prior to removal and presumably removed the case in good faith, representing to the Court that complete diversity of citizenship exists between the parties. (DE 1 at 3). As such, Defendant has no need for a more definite statement as to the parties' citizenship.

Second, as to ownership of the Property on the date of loss, the Court has already recommended dismissal without prejudice so that Plaintiffs can explain, by way of an Amended Complaint, their basis for contractual standing and their basis to overcome Fla. Stat. § 627.405 and *Schlehuber*, 281 So.2d at 375. Given this ruling, Defendant has no need for a more definite statement as to ownership of the Property on the date of loss.

### III. <u>RECOMMENDATION & NOTICE OF RIGHT TO OBJECT</u>

For the reasons stated above, the undersigned **RECOMMENDS** that the motion (DE 11) be **GRANTED** as follows:

1. The Complaint (DE 1-1) should be **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs should be afforded an opportunity to submit an Amended Complaint to cure pleading deficiencies on whatever timeline the District Judge deems appropriate.

3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from

a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

      4. Pending the District Judge's resolution of this Report and Recommendation, Plaintiffs may only file an Amended Complaint in full compliance with Fed. R. Civ. P. 15.

      5. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

      **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 31st day of December 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE