**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 25-81155-CIV-CANNON**

**SUSAN VICKNAIR** and
**LINDA UNGERLEIDER**,

      Plaintiffs,

v.

**HARTFORD INSURANCE**
**COMPANY OF THE MIDWEST**,

      Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION; DENYING**
**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT; AND**
**PERMITTING FINAL AND LIMITED REPLEADING**

**THIS CAUSE** comes before the Court upon Magistrate Judge Ryon M. McCabe's Report

and Recommendation (the "Report") [ECF No. 40] on Defendant's Motion to Dismiss the

Amended Complaint (the "Motion") [ECF No. 29]. The Report recommends denying Defendant's

Motion to Dismiss but allowing Plaintiffs to replead to name the real party in interest in a second

amended complaint. The Court has reviewed the Report, Defendant's Objections [ECF No. 42],

Defendant's Motion [ECF No. 29], the Amended Complaint [ECF No. 28], and the full record.[1]

Upon review, the Report is **ACCEPTED**; Defendant's Motion to Dismiss is **DENIED**; and

Plaintiffs are permitted **one final opportunity** to replead **solely** for the limited purpose of

clarifying that Plaintiffs are suing in their exclusive capacity as trustees of the Kushner Trust.

---

[1] Plaintiffs did not file a response to Defendant's Objections to the Report, and the time for doing so has passed. *See* S.D. Fla. Magistrate Rule 4(b).

**RELEVANT BACKGROUND**

Defendant, Hartford Insurance Company of the Midwest, issued an insurance policy ("the Policy") for a property located at 6869 Sun River Road, Boynton Beach, Florida 33437 (the "Property") [ECF No. 28 ¶¶ 2, 4]. This Policy initially insured Shirley Kushner [ECF No. 28 ¶ 5]. On October 9, 2024, the Property suffered damage [ECF No. 28 ¶ 7]. At some undated point, Kushner passed away, and the Property transferred to the Kushner Trust (the "Trust") [ECF No. 28 ¶ 6]. The named Plaintiffs, Linda M. Ungerleider and Susan Vicknair (formally known as Susan J. Freedman), are the successor trustees for the Trust [ECF No. 28 ¶ 6].

Plaintiffs submitted a claim under the Policy for the damage suffered to the Property [ECF No. 28 ¶ 8]. According to Plaintiffs, Defendant failed to adjust their claim according to the terms of the policy [ECF No. 28 ¶¶ 10–11]. Thus, Plaintiffs bring a single count for breach of contract [ECF No. 28 ¶¶ 15–18].

Defendant moved to dismiss, arguing that Plaintiffs had failed to establish that they had standing to bring suit, as the Policy covered only Kushner and (according to Defendant) the Amended Complaint does not allege how Plaintiffs have an interest in the subject property [ECF No. 29]. The Court referred the Motion to Magistrate Judge McCabe [ECF No. 30], who then issued the instant Report [ECF No. 40]. The Report recommends denying the Motion, reasoning that, while the caption of Plaintiffs' Amended Complaint is unclear as to whether Plaintiffs are suing in their individual capacities or as trustees for the Trust, Federal Rule of Civil Procedure 17(a)(3) does not permit dismissal for failing to name a real party in interest [ECF No. 40 pp. 4–5 (citing Fed. R. Civ. P. 17(a)(3))]. Instead, in line with Rule 17(a)(3), the Report recommends allowing Plaintiffs to file a second amended complaint that expressly names the

trustees of the Kushner trust as parties [ECF No. 40 p. 5].  Plaintiffs filed a Notice of Non-Objection [ECF No. 41], and Defendant objected [ECF No. 42].

## LEGAL STANDARDS

### Objections to a Magistrate Judge's Report and Recommendation

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "Frivolous, conclusive, or general objections need not be considered by the district court."  *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quotation omitted).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.

### Motions to Dismiss for Lack of Standing

Challenges to a party's Article III standing are properly raised under Federal Rule of Civil Procedure 12(b)(1) as a jurisdictional challenge to a court's subject matter jurisdiction.  *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  A facial attack on a plaintiff's standing challenges whether the plaintiff "sufficiently alleged a basis of subject matter jurisdiction," applying the standards similar to those governing 12(b)(6) review.  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013).  The Court must merely "look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction,

and the allegations in the complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (alterations adopted) (quotation omitted).

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) (alteration adopted) (quotation omitted). "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 158 (quotations omitted).

## DISCUSSION

Defendant raises two objections to the Report. First, Defendant argues that Plaintiffs have been on notice that they needed to properly allege standing since at least the time of the First Motion to Dismiss [ECF No. 8], and as such, Plaintiffs already have been afforded "a reasonable time" to name the real party in interest for purposes of Rule 17 [ECF No. 42 p. 3 (quoting Fed. R. Civ. P. 17(a)(3))]. Second, according to Defendant, "because the Plaintiffs lack standing to sue in their individual capacities, it stands to reason that they lack the authority to join or substitute any additional parties" [ECF No. 42 p. 3]. Defendant thus asks the Court to reject the Report and dismiss Plaintiffs' Amended Complaint. The Court disagrees with Defendant and accepts the Report.

Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action . . . be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). In the event that a party fails to join the real party in interest, "[t]he court may not dismiss" but instead must allow "a reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally

4

commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

Here, the Amended Complaint alleges that the insured property is presently owned by the "Kushner Trust" [ECF No. 28 ¶ 6]. Accordingly, and as the Report correctly notes, the real party in interest under Florida law to bring suit on behalf of the Kushner Trust is the trustee of that trust [*see* ECF No. 40 p. 4 (citing *Shriberg v. Fla. Flooring, Inc.*, 427 So. 3d 524, 527 (Fla. Dist. Ct. App. 2026) ("Florida law has long recognized that it is generally the trustee, and not a beneficiary, who is the real party in interest with authority to bring an action on behalf of the trust."))]. The Amended Complaint then clearly, and critically, alleges that the "Plaintiffs"—Ungerleider and Vicknair—are successor trustees for the Kushner Trust [ECF No. 28 ¶ 6].

As explained in the Report, the only source of confusion regarding the real parties in interest comes from the caption of the Amended Complaint, which lists only the names of Plaintiffs as "Susan Vicknair and Linda Ungerleider," without more, and hence does not on its face indicate that Plaintiffs sue in their capacities as trustees [ECF No. 40 pp. 3–4]. This is true but ultimately unhelpful to Defendant in its bid to dismiss this case outright. It is a settled principle that courts at the pleading stage are "required to accept all allegations in the complaint as true and [to] draw all reasonable inferences in the plaintiff's favor." *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019). When the Court engages in that inquiry here, paragraph 6 of the Amended Complaint supplies a clear and reasonable inference that Ungerleider and Vicknair sue in their capacities as successor trustees [*see* ECF No. 28 ¶ 6 (specifically defining "Plaintiffs" within the context of them each serving as "Successor Trustee of Kushner Trust"))]. *See Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019) (noting that, at the motion to dismiss stage, the Court is "required to accept all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor"). Thus, the allegations in the Amended Complaint give rise to the inference that the

Plaintiffs are each suing in their capacities as successor trustees and are thus properly suing as the real party in interest.

Even without that inference in Plaintiffs' favor, the Report is clearly correct that, by the plain text of Rule 17(a)(3), the Court cannot dismiss for a failure to name the real party in interest until Plaintiffs have been given a reasonable time for the real party in interest to ratify, join or substitute in as a party [*see* ECF No. 40 p. 4 (citing Fed. R. Civ. P. 17(a)(3))].  While Defendant asserts that Plaintiffs have already been afforded a reasonable time to properly name the real party in interest [ECF No. 42 p. 3], this is the first instance in which Plaintiffs have been notified that, pursuant to Rule 17, they need to expressly name themselves, in the case caption, as suing in their capacity as trustees of the Kushner Trust.

Defendant's other objection (lack of Article III standing) fares no better.  The Amended Complaint alleges that the Kushner Trust owns the insured property and that Plaintiffs are the successor trustees for the Kushner Trust [ECF No. 28 ¶ 6].  Thus, the named Plaintiffs, if proceeding in their capacity as successor trustees for the Kushner Trust, have Article III standing to bring this suit.  *See, e.g.*, *Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A.*, 193 F. Supp. 3d 1294, 1300 (S.D. Fla. 2016) ("[A]n injury to trust property affords trustees with Article III standing to assert claims arising out of damage to trust property." (alterations adopted) (quotation omitted)).  As discussed supra, the allegations in the Amended Complaint give rise to that exact plausible inference: Plaintiffs are suing in their capacity as successor trustees for the Kushner Trust [ECF No. 28 ¶ 6].[2]  Again, the only problem the Report found with the Amended Complaint was

---

[2] Article III "[s]tanding is a threshold issue in every federal case, and a federal court must evaluate a plaintiff's standing throughout the litigation to ensure that the court maintains subject matter jurisdiction." *DiPierro v. Fla. Health Scis. Ctr., Inc.*, 737 F. Supp. 3d 1314, 1319 (M.D. Fla. 2024); *see also Smith v. Miorelli*, 93 F.4th 1206, 1212 (11th Cir. 2024) ("A plaintiff must

the failure to specify, in the case caption, that Plaintiffs are proceeding in their capacity as successor trustees [ECF No. 40 pp. 3–4].  This scenario presents the precise situation Rule 17(a)(3) is designed to remedy: to prevent dismissal or forfeiture "when an understandable mistake has been made."  *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) (quotation omitted).  Given that Plaintiffs have specifically alleged that they are each successor trustees [ECF No. 28 ¶ 6], the mere failure to repeat that fact in the case heading is "an understandable mistake."  *See In re Engle Cases*, 767 F.3d at 1109.[3]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant's Objections [ECF No. 42] are **OVERRULED**.

2.      The Report and Recommendation [ECF No. 40] is **ACCEPTED** in accordance with this Order.

---

demonstrate he has standing to sue throughout all stages of litigation." (quotation omitted)).  Thus, any subsequent development that might demonstrate a lack of standing may be raised at any time, either by the parties or the Court.

[3] Defendant spends several paragraphs faulting Plaintiffs for, in their Response to the Motion, insisting that they have standing to sue in their individual capacities despite the property being owned by the Trust [ECF No. 42 pp. 2–3].  This argument does not raise any specific objection to the Report, and as such, the Court need not consider it further.  *See, e.g.*, *Schultz*, 565 F.3d at 1360 ("After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."); *see also Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. . . . [G]eneral objections need not be considered by the district court.").  In any event, Plaintiffs' imprecise argumentation in the Opposition regarding standing [ECF No. 32] does not provide a basis to disturb the conclusion reached in the Report and accepted herein, which is that the allegations in the Amended Complaint, drawing all reasonable inferences in Plaintiffs' favor, establish that the Trust owns the Property and that Plaintiffs sue as trustees of that Trust.

3. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 29] is **DENIED**.

4. **Pursuant to Federal Rule of Civil Procedure 17(a), Plaintiffs are given one final opportunity to amend by filing a second (and final) amended complaint limited to clarifying, explicitly in both the allegations and the case caption itself, that Plaintiffs are suing exclusively in their capacity "as successor trustees for the Kushner Trust."  No other substantive amendments are authorized by this Order.  The second amended complaint is due on or before July 28, 2026**.

5. Failure to replead by the above deadline will result in an order dismissing and closing this case without prejudice and without further notice.

**ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of July 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

8